STATE OF NEW JERSEY, ON COMPLAINT OF HARRY LIEF, PROSECUTOR, v. PACKARD-BAMBERGER & CO., INC., DEFENDANT.

Argued January 19, 1939—Decided August 11, 1939.

Before Justices CASE, DONGES and PORTER.

For the motion, *Losche & Mounier.*

*Contra, Pesin & Pesin.*

The opinion of the court was delivered by

DONGES, J.  Under *Pamph. L.* 1938, *ch.* 394, *p.* 976, suit was instituted in the District Court of the Third Judicial District of the county of Bergen, in the name of the State of New Jersey, as plaintiff, on a complaint filed by Harry Lief, against Packard-Bamberger & Co., Inc., to recover, for the state, the sum of $100 for the alleged violation of section 2 of said act.  Summons was issued and served and complaint filed.  Thereupon, defendant made a motion to strike the complaint.  After argument, the trial judge struck the complaint.  A writ of *certiorari* was allowed to review that action.

Motion is now made to dismiss the *certiorari* on the ground that review of the action of the trial judge is by appeal and not by *certiorari.*  Motion was made, upon the same ground, to the justice who allowed the writ, to vacate the *allocatur.* This motion was denied.

We conclude that it is not necessary to determine whether prosecutor has the right of appeal.  It is clear that this court

has jurisdiction to review by *certiorari*, without regard to any right of appeal. *Ritter* v. *Kunkle*, 39 *N. J. L.* 259; *Marcus* v. *Graver*, 71 *Id.* 95; *Knapp* v. *Kremer*, 103 *Id.* 227.

In Marcus *v.* Graver, it was said:

"The act of 1902 (*Pamph. L., p.* 565), providing for appeals from the District Court to the Supreme Court, where a party litigant is dissatisfied with the determination or direction of such court, 'in point of law or upon the admission or rejection of evidence,' is not in any way a derogation of the powers of the Supreme Court to review such a case on *certiorari* in the respects permitted by the appeal. Upon *certiorari*, in such cases, only errors of law would be reviewable. On *certiorari*, the court will not inquire into or weigh the evidence except to see if there be evidence to sustain the conclusions of the District Court. It is the same upon appeal under the act of 1902. The act of 1902 does not in any way inhibit the allowance of a writ of *certiorari* to review the proceedings or a judgment of a District Court, within the time fixed by the act for the appeal. The act of 1902 simply provides a system or method of review by appeal as a matter of right, and must be taken to be an expression of legislative intent to establish an appeal as a concurrent method of review with *certiorari* within the time fixed by the act for an appeal. Such right of appeal in no way infringes upon the *certiorari* power of this court. Both methods obtain; the one as a matter of right, the other as a matter of grace, resting in the discretion of the court or justice allowing the writ."

We recognize the rule to be as stated by Mr. Justice Parker, in *Degeuring* v. *Kimble*, 115 *N. J. L.* 379: "While this court has constitutional power to supervise generally by *certiorari* the proceedings in District Courts (*Green* v. *Heritage*, 64 *N. J. L.* 567, 571), it customarily leaves the parties to their appeal, except where some jurisdictional question is involved * * *," but in this case, the discretion having been exercised by a justice of this court, under the authorities, this court will not review his exercise of that discretion.

The motion is denied, with costs.